RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/17/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DOUGLAS P. MORAN | CIVIL ACTION NO. 10-01270 |
| -vs- | JUDGE DRELL |
| JESSE T. PAUL, et al. | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is a motion to dismiss filed by the "Pineville Police Department." (Document No. 3.) The motion is unopposed, and the Court finds no need for oral argument. For the reasons set forth herein, the motion will be granted.

Plaintiff filed his original Petition for Damages in state court on July 14, 2010 seeking damages sustained on February 20, 2010 when he contends he was unlawfully arrested and subjected to unreasonable force at the hands of certain officers with the Pineville Police Department. (Document No. 1-1.) The suit was removed to this Court on August 12, 2010. (Document No. 1.)

As the Fifth Circuit Court of Appeals explained in Marcus v. Epps, 278 Fed. Appx. 350 (5th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)): "Under the Rule 12(b)(6) standard, a plaintiff fails to state a claim upon which relief can be granted when the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'"

Defendant is correct that this Court has previously found police departments of Lawrason Act municipalities, such as the City of Pineville, do not have the procedural capacity to sue or be sued. See Doucet v. City of Bunkie, 2005 WL 2401893 (W.D. La. 2005) and Steele v. Police Department of Oakdale, 2010 WL 816177 (W.D. La. 2010). The analysis detailed in those decisions is equally applicable here.

As noted above, the original Petition in the instant case names "The Pineville Police Department" as a defendant (Document No. 1-1). The "Supplemental Amended Petition for Damages" filed February 8, 2011 (Document No. 23), likewise names "The Pineville Police Department" as a defendant but adds, "IS BEING SUBSTITUTED WITH **THE CITY OF PINEVILLE.**" (Document No. 23, p. 3.) Such language should be sufficient to accomplish termination of the Pineville Police Department as a party. However, the remainder of the Supplemental Amended Petition refers to the Police Department as a "defendant" and shows Plaintiff seeks service of process on the Police Department. Under these circumstances, rather than just denying the motion to dismiss as moot, in an abundance of caution, such motion will be granted, and all claims against "The Pineville Police Department" will be dismissed with prejudice.

SIGNED on this 17 day of March, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

2